# EXHIBIT A

40242256.v1



# Fox Rothschild LLP
ATTORNEYS AT LAW

75 Eisenhower Parkway, Suite 200
Roseland, NJ 07068-1600
Tel 973.992.4800  Fax 973.992.9125
www.foxrothschild.com

Stanley Goodman, Esq.
Office Managing Partner

**Certified Article Number**
9414 7266 9904 2030 5080 56
**SENDERS RECORD**

MICHAEL R. HERZ
Direct Dial: 973-548-3330
Email Address: MHerz@FoxRothschild.com

June 2, 2016

*Via Certified RRR and regular mail*
Joseph Raccuia
224 Sunnyside Road
Lincroft, NJ  07738-1109

Re:  Joseph S. Raccuia
     Case Mo.: 16-12781(MBK)

Dear Sir/Madam:

We hereby serve upon you this Subpoena, with documents returnable June 23, 2016 and an appearance required July 7, 2016 at 10:00 am, with respect to the above matter.

Very truly yours,

Michael Herz,
MRH/cb
Enc.
cc: Frank J. Fischer, Esq
    Adam Wofse – via email only

A Pennsylvania Limited Liability Partnership

California   Colorado   Connecticut   Delaware   District of Columbia   Florida
     Illinois   Nevada   New Jersey   New York   Pennsylvania   Texas

40685483v1

# UNITED STATES BANKRUPTCY COURT

District of New Jersey

In re : JOSEPH S. RACCUIA

Case No. 16-12781(MBK)

Chapter 7

## SUBPOENA FOR RULE 2004 EXAMINATION

To:    Joseph S. Raccuia
       224 Sunnyside Rd
       Lincroft, NJ 07738-1109

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Fox Rothschild, LLP<br>75 Eisenhower Parkway, Suite 200<br>Roseland, NJ 07068 | July 7, 2016 at 10:00 p.m. |

The examination will be recorded by this method:    Court Reporter

☒ *Production:* You, or your representatives, must also provide, prior to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

| PLACE | DATE AND TIME |
|---|---|
| Fox Rothschild, LLP<br>75 Eisenhower Parkway, Suite 200<br>Roseland, NJ 07068 | June 23, 2016 by 5:00 p.m. |

**See attached Rider**

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 2, 2016
       CLERK OF THE COURT

                                                    OR       /s/ *signature*
       _____         _____
       *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address and telephone number of the attorney representing Catherine E. Youngman, Chapter 7 Who issues or requests this subpoena, are:

> Michael Herz, Esq,
> Fox Rothschild, LLP
> 75 Eisenhower Parkway, Suite 200,
> Roseland, NJ 07068

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: 
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ;or


☐ I returned the subpoena unexecuted because:


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ .

My fees are $_____ for travel and $ _____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: 

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

00535325 - 1

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# RIDER TO SUBPOENA

## INSTRUCTIONS

1. The Deponent shall designate which documents are being produced in response to each of the paragraphs contained in the request for production of documents.

2. Each and every request for a document or documents shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, the control of the Debtors or any of their employees or agents. In addition, each request should be considered as including all copies and to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g. by reason of handwritten notes or comments having been added to one copy of a document, but not in the original or other copies thereto.)

3. For each and every document herein requested which was formerly in the Deponent's possession, custody or control and has been lost, transferred or destroyed, the Deponent shall submit a written statement which;

   (a) describes in detail the nature of the document;
   
   (b) identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;
   
   (c) specifies the date on which the document was prepared or transmitted; and
   
   (d) specifies, if possible, the date on which the document was lost, transferred or destroyed, and, if destroyed, the conditions of and reasons for such destruction and the persons requesting and performing the destruction, and if lost, the circumstances surrounding such loss.

4. If the Deponent withholds any document from production under claim of privilege, set forth with respect to each such document the following:

   (a) the author or originator;
   
   (b) each addressee or recipient of the documents or any copy thereof;

00480526 - 1

  (c) the date which the document bears, or if it bears no date, the date on which it was made;

  (d) the title or subject matter of the document and a general description of its contents;

  (e) the nature of the document (e.g., memorandum, telegram, chart, etc.); and

  (f) the basis for the claim or privilege.

5. This request for production of documents is continuing. Any document obtained or located subsequent to this production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

## DEFINITIONS

A. "Document" shall be used in its broadest sense and shall include any writing or record of any type or description (whether handwritten, typed, printed or otherwise made), including, but not limited to, the original and non-identical copy, regardless of origin or location, of any correspondence, records, reports, price lists, quotations, tables, charts, analyses, graphs, schedules, memoranda, notes, diaries, studies, directives, letter, telegrams, e-mail, teletypes, messages (including, but not limited to, reports of telephone conversations and conferences), books, bulletins, blueprints, drawings, tracings, photographs, notebooks, logs, financial statements, books of account, vouchers, deposit slips, ledgers, invoices, filed, periodicals, magazines, newspaper clippings, booklets, circulars, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, options to purchase, memoranda of agreements, assignments, licenses, orders, invoices, statements, bills, checks, data sheets, data processing cards, photographic negatives, phone records, tape recordings, cassettes, wire recording, transcripts or recording, catalogues, brochures, computer printouts, diskettes, videotapes, all other printed or written matter of any kind, and all other date compilations from which information can be obtained and translated if necessary, and any other writings, regardless of the manner on which produced, whether

handwritten, typed, printed or produced by any other process, including records of any telephone conversations or recordings by electronic equipment, and any and all other writings or papers of any kind, including drafts, copies of reproductions of any of the foregoing, and information stored in computers or other data storage or processing equipment in the possession, custody or control of any of deponents, agents, officers, employees, representatives or attorneys.

B. A document or thing "relating to" any given matter means any document or thing that constitutes, contains, discusses, embodies, reflects, identifies, states, refers to, confirms, contradicts, or is in any way pertinent to the referenced matter.

C. "Debtor" means or pertains to Joseph S. Raccuia.

D. "You," "your," or "deponent" means or pertains to Joseph S. Raccuia.

E. "Business Entity" means any business enterprise of any type, including, but not limited to, and any sole proprietorships, corporations, limited liability companies, joint ventures and partnerships, in which you have or hard an interest within any dates set forth below, including but not limited to Joseph S. Raccuia, MD, PC, Offices for Hepatobiliary & Tumor Surgery, and 113 Bedford Associates, LLC.

## DOCUMENTS

All documents, as that term is hereinafter or heretofore defined, which disclose, refer or relate in any way to the nature, location and extent of the assets, real and personal, of the Debtors, which otherwise refer to or relate in any way to the financial status of the said Debtors, including but not limited to:

1. Any and all bank statements, checking account statements, investment account statements, savings account statements, passbooks, checkbooks, canceled checks, deposit slips, check ledgers, and check registers for any savings, checking, investment or other accounts in which you had an interest or signatory power over since January 1, 2014.

2. Any and all documents evidencing any ownership or interest by you in any certificates of deposit, stocks, bonds, securities, trust funds or accounts, or other similar instruments, including all statements and records of transactions, since January 1, 2014.

3. Any and all documents evidencing any transfer of any ownership or interest by you in any certificates of deposit, stocks, bonds, securities, trust funds or accounts, or other similar

instruments, including all statements and records of transactions, since January 1, 2014.

4. Any and all statements for any bonus plans, profit-sharing plans, deferred income, retirement plans, pension plans, stock purchase or options plans, or other benefit plans, individual retirement accounts, KEOGH plans, pension plans, 401K plans or annuities in which you have or had an interest since January 1, 2014.

5. Any and all life insurance policies, life insurance trusts and or annuities for which you are an owner or beneficiary.

6. Any documents referring or relating to the location and contents of any safe deposit rented or maintained by you.

7. Any and all documents pertaining to any inheritance you have received since January 1, 2014, or that you anticipate receiving.

8. Any and all documents pertaining to any pending will disputes or other probate litigation in which you are involved or in which may affect any beneficiary rights you may have or are asserting, including but not limited to any complaints and answers filed, judgments, court opinions, and underlying wills.

9. Any appraisals for jewelry owned, sold or transferred by you since January 1, 2014.

10. Any and all documents, including but not limited to any certifications of doing business, partnership certificates, certificates of incorporation, membership agreements, joint venture agreement, and stock certificates, evidencing any interest you have held in any Business Entity (as defined above) since January 1, 2006.

11. Any and all documents pertaining to the transfer by you of any funds or other assets to any Business Entity (as defined above) in which you have or had an interest, since January 1, 2012.

12. Any and all bank statements, checking account statements, investment account statements, savings account statements, trust account statements, passbooks, checkbooks, canceled checks, deposit slips, check ledgers, and check registers for any savings, checking, investment or other account for any Business Entity (as defined above), in which you have had an interest, since January 1, 2014.

13. Any and all documents, including but not limited to contracts, agreements, closing statements, notes, bills of sale, invoices, receipts, and other documents with respect to the transfer of any interest held by you in any Business Entity (as defined above), to a third party, including any relatives, since January 1, 2012.

14. Any and all documents, including but not limited to, checks, account statements, bills of sale, invoices, receipts, and other documents, evidencing the disposition of the proceeds from the sale or transfer or assignment of any interest in any Business Entity (as defined above) in which you have had an interest since January 1, 2012.

15. Any and all documents, including but not limited to titles, certificates, bills of sale,

invoices, receipts, and other documents, evidencing any and all vehicles and equipment owned by any Business Entity (as defined above) in which you have had an interest since January 1, 2012.

16. Any and all documents evidencing any accounts receivable or other monies owed either to you personally or any Business Entity (as defined above) in which you have an interest.

17. Any and all transactional documents, including but not limited to any contracts of sale, deeds, agreements, closing statements, settlement statements, assignments, assumptions, leases, bills of sale, receipts, mortgages, guarantees, promissory notes, and other documents, pertaining to any real property owned, purchased, sold, or otherwise transferred by you or any Business Entity (as defined above) in which you have had an interest since January 1, 2012.

18. Any and all documents evidencing the disposition of any proceeds you received from the sale or transfer of real property by you or any Business Entity (as defined above) in which you have had an interest, since January 1, 2012.

19. Any and all documents with respect to all rental income collected by you or any Business Entity (as defined above), since January 1, 2014.

20. Any and all judgments, property settlement agreements, support orders, or other orders determining the distribution of assets in any divorce proceedings you have been a party to since January 1, 2006.

21. Any and all documents reflecting any current liens, debts, or other obligations owed by any Business Entity (as defined above) in which you have had an interest.

22. Any and all documents reflecting the profits, losses, and rental income for any Business Entity (as defined above) in which you have had an interest, since January 1, 2013.

23. Any and all documents, including but not limited to settlement agreements, judgments, and court and/or arbitration orders, pertaining to any award of money or property to you or any Business Entity (as defined above) in which you have had an interest.

24. Any documents referring or relating to any outstanding loans owed by you, including but not limited to, any and all loan statements, credit card statements, financial statements, promissory notes, security agreements, drafts, lines of credit bills of exchange or other commercial paper, and personal guarantees, including any personal guarantee relating to any Business Entity (as defined above) in which you have or had an interest.

25. Any documents referring or relating to any outstanding loans owed to you, including but not limited to, any and all loan statements, credit card statements, financial statements, promissory notes, personal guarantees, mortgages, security agreements, drafts, lines of credit, bills of exchange or other commercial paper.

26. Any and all estimated and actual Federal and State Income Tax Returns, including schedules filed therewith, filed by you for the tax years 2012 through the present.

27. Any and all estimated and actual Federal and State Income Tax Returns, including schedules filed therewith, for any Business Entity (as defined above) in which you have had an

interest for the tax years 2011 through the present.

28. Any and all statements of earnings and deductions you received for one year prior to the filing of your bankruptcy petition.

29. A complete list of all vehicles you have owned at any point since January 1, 2012, as well as an explanation for the disposition of said vehicles if no longer owned by you.

30. Valuations for all vehicles owned by you on the date of your bankruptcy filing.

31. Any and all documents, including but not limited to, contracts, bills of sale, receipts, invoices, and titles, related to any vehicles owned by you which you sold, gifted, or otherwise transferred to any third parties, since January 1, 2012.

32. All insurance policies, including but not limited to homeowner's, fire, casualty, excess coverage, and umbrella insurance policies maintained covering real and/or personal property owned by you or any Business Entity (as defined above) in which you have had an interest, since January 1, 2014. Please include all applications, riders and attachments relating to those policies. If you do not have any of these items, please obtain them from your insurance carrier.

33. Any and all documents pertaining to insurance proceeds received by you or any Business Entity (as defined above) in which you have had an interest since January 1, 2012.

34. Any documents referring or relating to any gifts, loans, transfers of property or distributions made by you to any individual or entity, including business partners, relatives or creditors, since January 1, 2012, including but not limited to Christina Winholt Raccuia.

35. Copies of any and all licenses, permits, or certifications, issued to you or any Business Entity (as defined above) in which you have had an interest, that were valid as of the date of your bankruptcy filing.

36. A recent valuation for real property located at 224 Sunnyside Road, Lincroft, NJ, recent payoff statements for any mortgages and other liens encumbering the property, and any and all documents reflecting the transfer of your interest in the property.

37. Any and all documents pertaining to the disposition of the proceeds you received from the sale of real property located at 113 Bedford Street, New York, NY.

38. Any and all documents evidencing the tax liabilities set forth in your bankruptcy petition.

39. True copies of the complaint, any amended complaints, responsive pleadings, and judgments entered in litigation in the Supreme Court of New York, Nassau County, index number 606209/2015.

40. Proof of income for the six months prior to the date of your bankruptcy filing.